

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

April 14, 2025

**BY ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Travis Sinclair*, 23 Cr. 503 (PMH)

Dear Judge Halpern:

    The Government writes to respectfully request clarification regarding this Court's March 13, 2025 order referring *pro se* defendant Travis Sinclair's request for the appointment of counsel to the magistrate judge. Dkt. 80.

    In 2022, Sinclair—while on supervised release in connection with his prior federal case—committed an armed robbery of the owner of an auto body shop in Mount Vernon, during which he discharged a firearm. On November 29, 2023, Sinclair pled guilty, pursuant to a written plea agreement with the Government, to one count of Hobbs Act robbery. Sinclair also admitted to violating the terms of his supervised release in his prior case. On December 12, 2024, this Court sentenced Sinclair principally to 144 months' imprisonment, to be followed by a consecutive sentence of 60 months' imprisonment for his violation of supervised release. Judgment was entered the next day, and the time to file a direct appeal has long expired.

    By letter dated March 5, 2025, Sinclair submitted a letter to the Court "request[ing] appointment of counsel to help [him] file/prepare a 2255 or 3582 motion." Dkt. 78. In his letter, his sole contention is that his sentence was based on a "career offender enhancement which put [him] at a higher sentence than if I was not a career offender." Dkt. 78. But Sinclair was not sentenced as a career offender at all. After Sinclair submitted his request, his former counsel filed a letter noting that Sinclair was "clearly claiming ineffective assistance of counsel" and "request[ing] new counsel be assigned to assist Mr. Sinclair in filing a habeas petition or to seek whatever relief they deem appropriate." Dkt. 79. By order dated March 13, 2025, this Court so-ordered counsel's request and directed the parties to the magistrate change for a change of counsel proceeding. Dkt. 80.

    The Government writes to respectfully request clarification of that order. In his letter, Sinclair requests the appointment of counsel to assist in the filing of a potential habeas or compassionate release motion. But it is well settled that there is no *right* to counsel in a habeas proceeding, *see Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that

prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."), unless the Court determines that an evidentiary hearing is required, *Graham v. Portuondo*, 506 F.3d 105, 107 (2d Cir. 2017). Otherwise, the Court may appoint counsel to represent "any financially eligible person" in connection with a habeas petition, but only where the Court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *see also* 18 U.S.C. § 2255(g) ("[I]n all proceedings brought under this section . . . the court may appoint counsel[.] Appointment of counsel under this section shall be governed by section 3006A of title 18."). "In deciding whether to grant an indigent *pro se* petitioner's request for *pro bono* counsel, the Court must first decide whether the petitioner's claims seem likely to be of substance." *United States v. Zubiate*, No. 18-CR-442 (AJN), 2022 WL 1294437, at *5 (S.D.N.Y. Apr. 29, 2022) (citing *Hodge v. Colon*, 802 F.2d 58, 60–61 (2d Cir. 1986)).

Nor is there a *right* to counsel in connection with a compassionate release motion. *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."). For motions brought under Section 3582, "it is within the district court's discretion whether to appoint counsel." *United States v. Broadnax*, No. 15-CR-878 (VM), 2025 WL 688968, at *1 (S.D.N.Y. Mar. 4, 2025). "[T]he merits of a § 3582(c)(2) motion will be a significant factor in the exercise of the district court's discretion in determining whether to appoint counsel." *United States v. Myers*, 524 F. App'x 758, 759 (2d Cir. 2013) (internal quotation marks, brackets, and citation omitted).

The Government respectfully requests that the Court clarify whether the magistrate judge may consider, in the first instance, whether appointment of counsel is appropriate.

        Respectfully submitted,
        MATTHEW PODOLSKY
        Acting United States Attorney

by:        /s/
        Benjamin D. Klein / Stephanie Simon
        Assistant United States Attorneys
        (914) 993-1908 / (212) 637-2581

cc:    Travis Sinclair (by mail)