

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

April 15, 2025

**BY ECF**
The Honorable Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Travis Sinclair*, 23 Cr. 503 (PMH)

Dear Judge Reznik:

      The Government respectfully writes in relation to the *pro se* request for counsel made by the defendant in the captioned case, which has been referred to Your Honor by Judge Halpern. *See* Dkt. 80, 82.

      By way of background, in 2022, defendant Travis Sinclair—while on supervised release for a prior federal case—robbed the owner of an auto body shop in Mount Vernon and discharged a firearm. On November 29, 2023, Sinclair pled guilty, pursuant to a plea agreement, to one count of Hobbs Act robbery. Sinclair also admitted to violating the terms of his supervised release. On December 12, 2024, Judge Halpern sentenced Sinclair to 144 months' imprisonment, to be followed by a consecutive sentence of 60 months' imprisonment for his violation of supervised release. Judgment was entered the next day, and the time to file a direct appeal has long expired.

      By letter dated March 5, 2025, Sinclair "request[ed] appointment of counsel to help [him] file/prepare a 2255 or 3582 motion." Dkt. 78. In his letter, Sinclair's sole contention is that his sentence was based on a "career offender enhancement which put [him] at a higher sentence than if [he] was not a career offender." Dkt. 78. But Sinclair was not sentenced as a career offender at all. After Sinclair submitted his request, his former counsel filed a letter noting that Sinclair was "clearly claiming ineffective assistance of counsel" and "request[ing] new counsel be assigned to assist Mr. Sinclair in filing a habeas petition or to seek whatever relief they deem appropriate." Dkt. 79. On March 13, 2025, this Court so-ordered counsel's request and directed the parties to the magistrate change for a change of counsel proceeding. Dkt. 80.

      On April 14, 2025, the Government filed a letter asking for clarification as to whether the magistrate judge should, in the first instance, determine whether appointment of counsel is appropriate. *See* Dkt. 81. The Government noted it is well settled that there is no right to counsel in habeas proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."), unless the Court determines that an evidentiary hearing is required or "that the interests of justice so require," 18 U.S.C. § 3006A(a)(2). There is likewise no right to counsel to

file a motion for compassionate release. *See United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."). In assessing whether *pro bono* counsel should be appointed, moreover, courts must "first decide whether the petitioner's claims seem likely to be of substance." *United States v. Zubiate*, No. 18-CR-442 (AJN), 2022 WL 1294437, at *5 (S.D.N.Y. Apr. 29, 2022) (citing *Hodge v. Colon*, 802 F.2d 58, 60–61 (2d Cir. 1986)); *see also United States v. Myers*, 524 F. App'x 758, 759 (2d Cir. 2013) ("[T]he merits of a § 3582(c)(2) motion will be a significant factor in the exercise of the district court's discretion in determining whether to appoint counsel.").

On April 15, 2025, Judge Halpern so-ordered the Government's letter, explaining that the Court "only directed Defendant to contact the magistrate judge on duty to schedule a change of counsel hearing," and that the magistrate judge may, in the first instance, "consider whether appointment of counsel is appropriate." Dkt. 82.

The Government respectfully submits that, on the record before the Court, there is no basis to appoint counsel. As noted, Sinclair's letter raises a single issue—he contends that "Hobbs Act Robbery is not a 'crime of violence' under 4B1.2," and that he was sentenced improperly "due to the career offender enhancement which put [him] at a higher sentence than if [he] was not a career offender." Dkt. 78. He claims, as a consequence, that his prior attorney was ineffective for "fail[ing] to investigate or challenge [whether] the requirement[s] for the career offender enhancement, as defined in Section 4B1.2, were met." *Id.* This argument, however, is meritless. As reflected in the plea agreement and PSR, Sinclair simply was *not* sentenced as a career offender. To the contrary, the Court, consistent with the plea agreement and PSR, calculated Sinclair's Guidelines without reference to Section 4B1.2. As a result, the entire basis for Sinclair's request for counsel is without foundation. Further, as reflected in the plea agreement, Sinclair also agreed not to collaterally attack any sentence of 12 to 15 years' imprisonment, such as the one he received; thus, any collateral attack relating to the calculation of his Guidelines is barred.

Given that Sinclair has failed to establish that his claim is likely to be of substance, the Government respectfully submits that his request for counsel should be denied without a hearing.[1] Enclosed for the Court's review are: (i) the plea agreement; (ii) the presentence investigation report, (iii) Sinclair's March 5, 2025 letter requesting appointment of counsel; (iv) counsel's March 12, 2025 letter; (v) the District Court's March 13, 2025 Order; (vi) the Government's April 14, 2025 letter, and; (vii) the District Court's April 15, 2025 Order. *See* Ex. A-G.

Respectfully submitted,
MATTHEW PODOLSKY
Acting United States Attorney

by: _____/s/_____
Benjamin D. Klein / Stephanie Simon
Assistant United States Attorneys
(914) 993-1908 / (212) 637-2581

cc: Travis Sinclair (by mail)

---

[1] The Government understands that Sinclair is currently housed in Florida at USP Coleman I.