UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
United States of America,

                               Plaintiff,

               -against-

Travis Sinclair,

                              Defendant.
------------------------------------------------------------------X

23-cr-503

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      On April 15, 2025, this Court was referred the above-captioned matter to "consider whether appointment of counsel is appropriate" in light of Mr. Sinclair's request for assistance in filing a §2255 or §3582 motion. (ECF No. 82). For the reasons discussed below, Petitioner's request to appoint counsel is **DENIED without prejudice.**

      Petitioner asks the Court to appoint counsel for him to help him "file/prepare a 2255 or 3582 motion." (ECF No. 78). As the basis for such motions, Petitioner argues that "Hobbs Act Robbery is not a 'crime of violence' under 4B1.2" and that he was sentenced improperly "due to the career offender enhancement which put [him] at a higher sentence than if [he] was not a career offender." (*Id.*). He also claims that his prior attorney was ineffective for "fail[ing] to investigate or challenge [whether] the requirement for the career offender enhancement, as defined in Section 4B1.2, [was] met." (*Id.*)

      Although the Court is sympathetic to Petitioner's statement that he is "unschooled with law and cannot afford an attorney" (*id.*), this circumstance alone

does not entitle Petitioner to counsel for purposes of filing either a §2255 or §3582 motion. As Courts in this circuit have repeatedly recognized, a "defendant has no right to the assistance of counsel in filing a motion for compassionate release." *United States v. Feliz*, No. 16 CR. 809 (VM), 2023 WL 8275897, at *2 (S.D.N.Y. Nov. 30, 2023) (citing *United States v. Broadnax*, No. 15 Cr. 878, 2023 WL 6533489, at *1 (S.D.N.Y. Oct. 6, 2023)); *see also United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021)). Nor does a defendant have a right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions…and we decline to hold so today."). Instead, appointing counsel in both instances is within the court's discretion. *See Broadnax*, 2023 WL 6533489, at *1 (noting that counsel for compassionate release motion is discretionary); *Brown v. New York*, No. 22-CV-6371 (PAE) (VF), 2024 WL 2883986, at *1 (S.D.N.Y. May 23, 2024) (noting that appointment of counsel in habeas cases is discretionary); *see also* 18 U.S.C.A. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who…is seeking relief under section 2241, 2254, or 2255 of title 28.").

In considering whether to exercise such discretion for compassionate release motions, a court may consider whether the motion "would likely be successful." *Feliz,* 2023 WL 8275897, at *2 (citing *United States v. Piña*, No. 01 Cr. 619, 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021)). Similarly, in habeas corpus cases,

discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary. *See* 18 U.S.C.A. § 3006A(a)(2)(B). And the threshold inquiry, as with the compassionate release motion, is whether there is "substance to the litigant's position." *Brown*, 2024 WL 2883986, at *1; *see also Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

Here, the Court is not persuaded that it should appoint counsel for Petitioner at this early stage of the case. Petitioner's letter provides little information to suggest that his motion "would likely be successful" or that there is "substance" to his position. As noted above, Petitioner argues that "Hobbs Act Robbery is not a 'crime of violence' under 4B1.2" and that he was sentenced improperly "due to the career offender enhancement which put [him] at a higher sentence than if [he] was not a career offender." (ECF No. 78). But as the Government points out, the Plea Agreement and Pre-sentence report do not reflect that Petitioner was sentenced as a career offender or that a career offender enhancement was used in calculating his Guidelines. Thus, it seems unlikely that Petitioner's motions would likely be successful, making appointment of counsel unwarranted. *See United States v. Muse*, No. 09 CR. 512 (LAP), 2024 WL 2958526, at *6 (S.D.N.Y. June 11, 2024) (finding appointment of counsel unwarranted where "it is readily apparent that the underlying motion is meritless").

Having said that, it does appear that the Probation Department's Sentencing Recommendation stated that an upward departure from the Guidelines was warranted (under §4A1.3(a)(1)) "given the defendant's criminal history category

3

substantially underrepresents the seriousness of the defendant's criminal history and the likelihood that the defendant will commit further violent crimes," among other reasons. (ECF No. 69 at 26). Thus, Petitioner's letter may have been addressing this aspect of the Court's sentencing decision, and not whether the Guideline provisions themselves included a career offender enhancement.

Given the limited record before the Court and the possible confusion about the bases of Petitioner's motion, the Court will deny Petitioner's request for pro bono counsel without prejudice to renewal at a later date. *See Niles v. Bragg*, No. 23-CV-9186 (LTS), 2024 WL 98354, at *3 (S.D.N.Y. Jan. 8, 2024) (denying counsel for habeas motion without prejudice "[b]ecause it is too early in the proceedings for the Court to assess the merits"); *see also Brown*, 2024 WL 2883986 at *2 (same).

Thus, Petitioner's request to appoint counsel for a §2255 or §3582 motion is **DENIED without prejudice** with leave to renew his request at a later date. The Clerk of Court is respectfully directed to mail a copy of this order to Defendant.

**SO ORDERED.**

DATED:    White Plains, New York
          05/05/2025

*[signature]*

VICTORIA REZNIK
United States Magistrate Judge